UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANDREW PARRISH,

                Petitioner,                         Case No. 1:16-cv-1146

v.                                          Honorable Robert Holmes Bell

SHERMAN CAMPBELL,

                Respondent.

_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will stay the petition and hold it in abeyance pending his exhaustion of the currently unexhausted claims.

## Discussion

I.     Factual allegations

Following a jury trial in the Wexford County Circuit Court, Petitioner was convicted of seven counts of first-degree criminal sexual conduct (CSC I), MICH. COMP. LAWS § 750.520b, and one count of second-degree criminal sexual conduct (CSC II), MICH. COMP. LAWS § 750.520c. On May 28, 2014, Petitioner was sentenced as a fourth-offense felony offender, MICH. COMP. LAWS § 769.12, to seven terms of imprisonment of 30 to 60 years on the CSC I convictions and one term of 10 to 30 years on the CSC II conviction.

Petitioner appealed his convictions to the Michigan Court of Appeals, raising the following two claims:

I.     [PETITIONER] WAS DENIED HIS STATE AND FEDERAL CONFRONTATION RIGHTS WHEN THE TRIAL COURT SUA SPONTE DETERMINED THAT BETH'S STATEMENTS RECANTING HER ALLEGATIONS TO HER GUARDIAN AD LITEM WERE PROTECTED BY ATTORNEY-CLIENT PRIVILEGE AND WERE THEREFORE INADMISSIBLE AT TRIAL. THIS ERROR WAS EXACERBATED BY THE PROSECUTOR'S MISCONDUCT, WHICH VIOLATED [PETITIONER'S] STATE AND FEDERAL DUE PROCESS RIGHTS. [PETITIONER] WAS PREJUDICED BY THESE ERRORS AND SO HIS CONVICTIONS MUST BE VACATED. TO THE EXTENT DEFENSE COUNSEL FAILED TO ADEQUATELY RESPOND TO THE TRIAL COURT'S RULING AND TO OBJECT TO THE PROSECUTOR'S MISCONDUCT, HIS PERFORMANCE CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL, ALSO ENTITLING [PETITIONER] TO A NEW TRIAL.

II.    [PETITIONER] WAS DENIED HIS STATE AND FEDERAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE DEFENSE COUNSEL FAILED TO SEEK ADMISSION OF A FORENSIC INTERVIEW TRANSCRIPT SHOWING THAT BETH RECANTED ON MULTIPLE OCCASIONS TO SEVERAL DIFFERENT PEOPLE OR TO OTHERWISE USE INFORMATION CONTAINED IN THE TRANSCRIPT TO IMPEACH BETH'S TESTIMONY.

(Pet., ECF No. 1, PageID.3.)  The court of appeals granted Petitioner's motion to remand for an evidentiary hearing.  Following remand, in an unpublished opinion issued on November 25, 2016, the court of appeals denied all appellate grounds and affirmed the convictions.  Petitioner raised the same two grounds to the Michigan Supreme Court, which denied leave to appeal on June 30, 2015.

According to the habeas application, Petitioner mailed a motion for relief from judgment to the Wexford County Circuit Court on September 1, 2016, raising the following four issues:

I.   [PETITIONER] WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS LAWYER FAILED TO (A) STRIKE JURORS WHO WERE IMPARTIAL, (B) PRESENT EVIDENCE SUPPORTING HIS STRATEGICALLY CHOSEN DEFENSE, (C) CONDUCT A PROPER INVESTIGATION BY CONSULTING THE AVAILABLE LITERATURE OR AN EXPERT WITNESS WHICH CAUSED HIM TO ELICIT DAMAGING TESTIMONY FROM EXPERT WITNESS ON CROSS-EXAMINATION AND ALSO LED TO HIS FAILURE TO USE THE AVAILABLE LITERATURE, EXPERT WITNESS TESTIMONY, AND (D) DO ALL OF THE ABOVE WHICH, WHEN CONSIDERED CUMULATIVELY, PREJUDICED [PETITIONER].

II.  [PETITIONER] IS ENTITLED TO A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE.

III. [PETITIONER] WAS DEPRIVED OF HIS FOURTEENTH AMENDMENT RIGHT TO A FAIR TRIAL WHEN THE PROSECUTOR SUPPRESSED EVIDENCE.

IV.  [PETITIONER] WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHERE ARGUMENTS I, II, AND III WERE NOT RAISED ON DIRECT APPEAL ESTABLISHING THE "GOOD CAUSE" REQUIRED BY MCR 6.508(D)(3)(a).

(*Id.*, PageID.6.)

In his habeas application, filed on or about September 12, 2016,[1] Petitioner raises all six grounds presented to the Michigan courts.

## II.   Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his application on September 12, 2016, and it was received by the Court on September 19, 2016.  Thus, it must have been handed to prison officials for mailing at some time between those dates.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner acknowledges that, while he exhausted his first two grounds for habeas relief on direct appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, he has not fully exhausted the remaining four claims.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application:  a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*.  He has filed his one permitted motion for relief, *see* MICH. CT. R. 6.502(G)(1), but the circuit court has not completed review of those claims.  If his motion is denied by the Wexford County Circuit Court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court.  *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed."  Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.  However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could

-5-

jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on June 30, 2015. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on September 28, 2015. Accordingly, Petitioner had one year, until September 28, 2016, in which to file his habeas petition. Petitioner filed the instant petition on September 12, 2016, only 16 days before his period of limitations expired.[2]

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days

---

[2]Although the trial court's receipt of the motion for relief from judgment would have tolled the statute of limitations, the motion was not mailed until at least September 1, 2016. It therefore could not have begun tolling until some days after that, leaving less than 30 days in the limitations period.

amounts to mandatory period of equitable tolling under *Palmer*).[3] In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. While Petitioner's motion for relief from judgment is already filed and he therefore would not need 30 days to file a motion for post-conviction relief, he still requires time to return to this Court, and he will not have the additional 30 days to return to this Court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal would jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances, because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Petitioner has moved for a stay of the proceedings (ECF No. 2), indicating that he wishes to pursue his unexhausted claims in the state courts. Upon review, the Court concludes that

---

[3]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner has met the requirements of *Rhines*, 544 U.S. at 277-78.  As a consequence, the Court will grant his motion to stay the proceedings and hold his petition in abeyance pending the exhaustion of his claims in the Michigan courts.

        An Order consistent with this Opinion will be entered.


Dated: <u>October 11, 2016</u>        <u>/s/ Robert Holmes Bell</u>
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE